# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN M. WILLIS,

        Petitioner-Appellant,

v

TOWNSHIP OF SUGAR ISLAND,

        Respondent-Appellee.

UNPUBLISHED
October 21, 2014

No.  315438
Tax Tribunal
LC No.  00-442075

Before:  MURPHY, C.J., and SAWYER and M. J. KELLY, JJ.

PER CURIAM.

Petitioner appeals as of right from the final opinion and judgment of the Michigan Tax Tribunal, Small Claims Division, in which the tribunal accepted as final the 2012 March Board of Review's true cash value, state equalized value, and taxable value for petitioner's residential real property in tax year 2012.  We affirm.

As this Court stated in *Meijer, Inc v Midland*, 240 Mich App 1, 5; 610 NW2d 242 (2000) (citations omitted):

> Absent fraud, this Court's review of a Tax Tribunal decision is limited to determining whether the tribunal made an error of law or adopted a wrong legal principle.  The tribunal's factual findings are upheld unless they are not supported by competent, material, and substantial evidence.  Substantial evidence must be more than a scintilla of evidence, although it may be substantially less than a preponderance of the evidence.  Failure to base a decision on competent, material, and substantial evidence constitutes an error of law requiring reversal.

See also Const 1963, art 6, § 28.

Plaintiff argues that the tribunal erred by failing to consider all of the evidence he submitted in support of his proposed valuation, including a 1988 survey, property record cards, assessment worksheets, and a "2010 Vacant Land Information."  The hearing referee's proposed opinion and judgment states that the referee considered 16 exhibits offered by petitioner, including a 2010 vacant land study, a certificate of survey and maps, a 2007 property record card, a 2008 assessment roll listing for the property, and a 2010 appraisal computation worksheet.  Further, the hearing referee specifically relied on a 2010 vacant land study and appraisal computation worksheet in support of its factual findings.  It is clear that the tribunal

-1-

also considered petitioner's evidence. In accepting as final the 2012 March Board of Review's valuations, the tribunal relied on a 2012 property record card and stated that it gave no weight to the 2010 Vacant Land Information because it was completed specifically for tax year 2010. The tribunal also referenced petitioner's survey from 1988, stating that it was less accurate than a certificate of survey conducted by a licensed surveyor. Accordingly, petitioner has failed to show that the tribunal failed to consider the evidence he submitted in support of his petition.

Moreover, petitioner has failed to show that the tribunal's findings were not supported by competent, material, and substantial evidence. In the proceedings below, petitioner alleged that the 2012 assessment of his property was inaccurate because (1) the land value for the property's water frontage should have been valued at $100 per foot, instead of the assessor's $300 per foot, (2) the assessor overestimated the amount of water frontage, and (3) the assessor erroneously added .488 acres of land to the property for tax year 2012.

Regarding the value of the property's water frontage, the tribunal's $300-per-foot valuation was supported by two of petitioner's exhibits, including a vacant land study indicating an average value of $298 per foot of water frontage and an appraisal computation worksheet showing that a nearby property was assessed at a rate of $300 per foot of water frontage. Regarding the amount of water frontage, the tribunal's finding that the property had 162 feet of frontage was supported by the 2012 property record card and a certificate of survey bearing the seal of a licensed surveyor. Lastly, regarding the .488 acres of land added to the property in the 2012 assessment, the tribunal relied on the 2012 property record card and petitioner offers no proof that the assessor's measurement was inaccurate. Accordingly, petitioner has failed to show that the tribunal made an error of law or adopted a wrong legal principle.

Affirmed.

/s/ William B. Murphy
/s/ David H. Sawyer
/s/ Michael J. Kelly